IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12CR3044 |
| vs. | TENTATIVE FINDINGS |
| BRYAN CHRISTENSEN, | |
| Defendant. | |

     I have received the revised presentence investigation report (PSR) in this case. Defendant has objected to the revised PSR (filing 23) and filed a motion for downward departure or variance (filing 18) and an accompanying brief and indexes of evidence (filings 19, 22, and 24). The United States has filed a statement of position (filing 21) agreeing with a portion of defendant's objections.

     In the revised PSR, the Probation Office determined that defendant should be held responsible for between 150 and 300 images of child pornography, resulting in a 3-level enhancement under U.S.S.G. § 2G2.2(b)(7)(B). This was based in part on a finding that defendant possessed two video depictions of child pornography, which are each considered the equivalent of 75 images. U.S.S.G. § 2G2.2 cmt. n. 4(B)(ii). Defendant objected, stating that there were fewer than 150 images and, in particular, only one video that could be readily proven to depict a minor. Filing 23 at ¶ 5. In that case, defendant should be held responsible for more than 10, but fewer than 150 images, which would result in a 2-level enhancement under § 2G2.2(b)(7)(A).

     In its statement of position (filing 21), the United States agreed that defendant should be held responsible for more than 10, but fewer than 150 images, and the accompanying 2- as opposed to 3-level enhancement. The United States has represented that while one video clearly depicted child pornography, the second video depicted sexually explicit conduct involving a young-looking female whose age is unknown. Filing 21 at 1–2. The United States explained that while the young person in the second video may be a minor, it cannot say this with certainty. Filing 21 at 2.

     Accordingly, the Court finds that defendant's objection regarding the number of images should be sustained, and that he should be held

responsible for more than 10, but fewer than 150 images, resulting in a 2-level enhancement under § 2G2.2(b)(7)(A).

Defendant also objects to the imposition of a 5-level enhancement under § 2G2.2(b)(3)(B), for distributing child pornography for the receipt, or expectation of receipt, of a thing of value. Defendant states that while he did use a peer-to-peer program to download child pornography, he did not knowingly or intentionally share the material with others. Filing 16 at ¶¶ 5, 6, 8; filing 23 at ¶¶ 3, 4, and 6; filing 24-1. The Court will resolve this objection, and defendant's motion for variance, at the sentencing hearing. Defendant also objects that the revised PSR erroneously states he utilized the Napster program, when he only used the LimeWire program. Filing 23 at ¶ 2. To the extent this discrepancy matters, it will be resolved at sentencing. Accordingly,

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that

    called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.  Defendant's objection (filing 23), as to the number of images, is sustained. Defendant will be held responsible for more than 10, but fewer than 150 images, resulting in a 2-level enhancement under U.S.S.G. § 2G2.2(b)(7)(A). Defendant's motion for variance (filing 18) and the remainder of his objection (filing 23) will be resolved at sentencing. Each side will have 30 minutes to present evidence and arguments. Defendant's objection to the original PSR (filing 16) is denied as moot.

3.  Except to the extent, if any, that I have sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that my tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 18th day of July, 2012.

             BY THE COURT:

             *John M. Gerrard*
             John M. Gerrard
             United States District Judge