IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BRYAN CHRISTENSEN,

Defendant.

4:12CR3044

MEMORANDUM AND ORDER OF
PRELIMINARY FORFEITURE

This matter is before the Court on the United States' amended motion for preliminary forfeiture (filing 39). The motion was filed on August 30, 2012, approximately 1 month after Christensen was sentenced and judgment entered. The motion for preliminary forfeiture was not filed prior to sentencing, as required by Fed. R. Crim. P. 32.2(b)(2). The Court will grant the motion, but only after a careful consideration of the Eighth Circuit's recent opinion in *United States v. Shakur*, 691 F.3d 979 (8th Cir. 2012), and an examination of the specific facts of this case.

## I. BACKGROUND

Christensen was charged by information with one count of knowing possession or attempted possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Filing 1 at 1. The information also included a forfeiture allegation, which sought the forfeiture of several computers and various computer equipment and storage devices (collectively, the "7 devices"). Filing 1 at 1–2. The information alleged that the 7 devices had been used, or were intended to be used to commit or promote the violation of § 2252(a)(4)(B), and were therefore subject to forfeiture pursuant to 18 U.S.C. § 2253(a). Filing 1 at 1–2.

Christensen pled guilty to the violation of § 2252(a)(4)(B), and in his plea agreement admitted the forfeiture allegation. Filing 9 at 1; *see also* filing 8 at 4. At the change of plea hearing, Christensen specifically admitted that he had used the 7 devices to download and collect child pornography and agreed to forfeit all of them. Filing 14 at 17–18, 26–29, 30–31. At sentencing, the Court stated that it would impose forfeiture of the 7 devices, and that a final order of forfeiture would be forthcoming. Filing 32 at 33:25–33:45. The Court's judgment ordered Christensen to forfeit his interest in the 7 devices

to the United States. Filing at 34 at 7–8. The judgment also stated that a final order of forfeiture would be forthcoming. Filing at 34 at 1. The judgment was issued on July 30, 2012 (filing 34), and the United States' amended motion for a preliminary order of forfeiture was filed August 30, 2012. Filing 39.

## II. ANALYSIS

Fed. R. Crim. P. 32.2 sets forth the procedures governing criminal forfeitures. First, the defendant must receive notice in the indictment or information that the government will seek forfeiture. Rule 32.2(a). Next, after the defendant is found, or pleads, guilty to the underlying offense, the court must determine what property is subject to forfeiture under the applicable statute. Rule 32.2(b)(1)(A). The court must do so "[a]s soon as practical." *Id.* When the government seeks forfeiture of specific property, as here, the court must determine whether the government has established the requisite nexus between the property and the offense. *Id.* This determination may be made based on evidence already in the record, including the plea agreement, or on additional evidence the court finds relevant and reliable. Rule 32.2(b)(1)(B). If the forfeiture is contested, the court must conduct a hearing upon either party's request. *Id.*

Specific procedures govern the entry of the preliminary order of forfeiture:

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it <u>must promptly</u> enter a preliminary order of forfeiture setting forth the amount of any money judgment, [and] directing the forfeiture of specific property . . . .

(B) Timing. Unless doing so is impractical, the court <u>must</u> enter the preliminary order <u>sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications</u> before the order becomes final as to the defendant under Rule 32.2(b)(4).

Rule 32.2(b)(2) (emphasis supplied).

The preliminary order becomes final as to the defendant at sentencing (or sooner if the defendant consents). Rule 32.2(b)(4). The order remains preliminary as to third parties until any necessary ancillary proceedings are concluded under Rule 32.2(c). The court must include the forfeiture when orally announcing the sentence (or must otherwise ensure that the defendant knows of the forfeiture at sentencing). Rule 32.2(b)(4)(A). Finally, the court "must also include the forfeiture order, directly or by reference, in the

judgment, but the court's failure to do so may be corrected at any time by Rule 36." Rule 32.2(b)(4)(B).

Two additional Rules of Criminal Procedure are worth noting, as they will be relevant to the Court's analysis. Rule 35(a) provides that, within 14 days after sentencing, the trial court may correct a sentence that resulted from arithmetical, technical, or other clear error. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

In *Shakur,* the Eighth Circuit addressed the effect of a trial court's failure to enter a preliminary order of forfeiture prior to sentencing and the entry of judgment. *Shakur,* 691 F.3d 979. The government brought several forfeiture allegations against Shakur. *Id.* at 984–85. After he was found guilty of the underlying offenses, Shakur filed a pro se motion contesting several of the forfeiture allegations. *Id.* at 985. The district court summarily denied the motion without acknowledging Shakur was contesting any of the allegations. *Id.* In the 6 months between the guilty verdict and the sentencing hearing, the government

> failed to file a Rule 32.2(b)(1)(A) motion seeking "forfeiture of specific property," and the district court violated Rule 32.2(b)(1)(B) by failing to conduct a hearing on the Forfeiture Allegations that Shakur had contested. Most significantly, the district court violated Rule 32.2(b)(2)(A) and (B) by not entering a preliminary order of forfeiture "sufficiently in advance of sentencing to allow the parties to suggest revisions." Indeed, the court failed to enter a preliminary order of forfeiture.

*Id.*

At the sentencing hearing, the trial court made a summary finding that forfeiture would be imposed. *Id.* at 985–86. The court again failed to make the finding required by Rule 32.2(b)(1)(A), that the property was subject to forfeiture under the applicable statute, and in the case of specific property, that the government had established the requisite nexus between the property and the offense. *Id.* at 986. The court's judgment stated only that forfeiture would be imposed by further order. *Id.* Several months later, the court entered a preliminary order of forfeiture. *Id.*

The Eighth Circuit found a number of problems with this approach. Criminal forfeiture is criminal punishment, *Libretti v. United States,* 516 U.S. 29, 39–41 (1995), and as with any punishment, there are procedural safeguards on its use. *United States v. Bennett,* 423 F.3d 271, 276 (3d Cir.

2005). Rule 32.2(b)(4) provides that a preliminary forfeiture order becomes final as to the defendant at sentencing and "must" be included "directly or by reference" in the final judgment. *Shakur*, 691 F.3d at 986–87. "Thus, a final order of forfeiture that is not part of the judgment 'has no effect.'" *Id.* at 987 (quoting *Bennett*, 423 F.3d at 275). However, in cases where a preliminary order of forfeiture is timely entered before sentencing, the failure to incorporate that order in the final judgment is a clerical error correctable under Rule 36. *Id.*; *see also*, *United States v. Koch*, 491 F.3d 929, 932 (8th Cir. 2007); *United States v. Hatcher*, 323 F.3d 666, 673 (8th Cir. 2003). But in *Shakur*, no preliminary order of forfeiture was ever entered or even approved prior to sentencing and the entry of judgment. *Shakur*, 691 F.3d at 987.

Failing to enter a preliminary order of forfeiture prior to sentencing is not merely a technical violation of Rule 32.2, but goes to the fundamental procedural due process requirement that defendants "'receive adequate notice *and procedures to contest the deprivation of property rights*' that result from criminal forfeiture . . . ." *Id.* Shakur received no pre-sentencing evidentiary hearing on the forfeiture allegations, and no judicial pronouncement of what specific property would be forfeited. *Id.* Moreover,

> Shakur timely contested six of the government's Forfeiture Allegations, but his objections were entirely ignored. He was denied timely determination of "the requisite nexus," Rule 32.2(b)(1)(A); a hearing on the contested allegations, Rule 32.2(b)(1)(B); the entry of a preliminary order "directing the forfeiture of specific property," Rule 32.2(b)(2)(A); and entry of that order "sufficiently in advance of sentencing" to allow him to seek revisions, Rule 32.2(b)(2)(B). Finally, after sentencing, he was denied inclusion of a preliminary forfeiture order in his judgment of conviction, Rule 32.2(b)(4)(B), which deprived him of "the right to have the entire sentence imposed as a package and reviewed in a single appeal," *Koch*, 491 F.3d at 932.
>
> The wholesale violation of these Rule 32.2(b) mandates denied Shakur a meaningful opportunity to contest the deprivation of his property rights, as due process required. In these circumstances, we have no difficulty concluding that the district court's forfeiture order of October 26, 2011, did not merely correct a "clerical error," as Rule 36 permits. The violations were prejudicial legal errors, not clerical errors.

*Id.* at 988–89 (footnote omitted).

Whether an error is "legal" or merely "clerical" has important jurisdictional consequences. Once a sentence has been imposed, the trial judge's authority to modify it is limited to Rule 35, which imposes a 2-week time period that is "'jurisdictional and may not be extended.'" *Id.* at 988 n.6 (quoting *United States v. Addonizio*, 442 U.S. 178, 189 & n.16 (1979)). If, as in *Shakur* and the present case, the 2-week limit of Rule 35 has passed, a court only has jurisdiction to correct clerical errors in the judgment (under Rule 36). Because the error in *Shakur* was "legal" in nature, the trial court was without jurisdiction to enter a preliminary order of forfeiture following the judgment. *Id.* at 989.

The present case is distinguishable from *Shakur*, and the failure to enter the preliminary order of forfeiture was more clerical than legal in nature. At the change of plea hearing, Christensen admitted that he used the 7 devices to download and collect child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Filing 14 at 30–31. This established both the requisite nexus between the 7 devices and his offense and that the devices were subject to forfeiture under § 2253(a). The Court did not enter an order finding the requisite nexus and stating which properties would be forfeited, but both of those questions had already been answered. The Court accepted Christensen's plea and found that it was knowing, intelligent, and voluntary, and that a factual basis for it existed. Filing 15 at 1. This included Christensen's decision to admit the forfeiture allegations. Unlike Shakur, Christensen showed no inclination to challenge the forfeiture allegations. A separate judicial determination of the forfeitability of the 7 devices would have changed little.

Beyond protecting procedural due process interests, Rule 32.2 helps ensure that "all the penalties imposed on the defendant occur as part of a 'package,' so that forfeiture is not imposed above and beyond a sentence that the court had already determined to be adequate." *United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005). This purpose was also satisfied: the Court included the forfeiture at the time it sentenced Christensen and entered judgment.

This raises a second important difference: in *Shakur* the trial court's judgment stated only that a final order of forfeiture would be forthcoming. *Shakur*, 691 F.3d at 986. The judgment in this case also stated that a final order would be forthcoming, but then went on to order Christensen to forfeit his interest in the 7 devices to the United States. Filing at 34 at 1, 7–8. In other words, the judgment in this case did include a forfeiture order.

Rule 36 may not be used to make *substantive* alterations to a sentence. *Bennett*, 423 F.3d 271, 278. But in this case there will be no substantive alteration to the sentence or judgment. In fact, a different portion of Rule 36

is implicated in this case. In addition to correcting errors in judgments, the rule allows a trial court to correct clerical errors in an order or other part of the record, or "an error in the record arising from oversight or omission." Rule 36. This case involves an omission in the record, (the lack of a preliminary order) rather than a mistake in the judgment.

At this point, the preliminary order of forfeiture requested by the United States is addressed not so much to Christensen as to any third parties who may claim an interest in the 7 devices. Christensen has already forfeited his interest. Entry of the preliminary order will alert third parties that the government is seeking forfeiture of the devices and will allow the Court to hold ancillary proceedings to determine the scope of any third parties' interests. *See* Rule 32.2(c).

The appropriate remedy for a violation of Rule 32.2 depends on the context. *Yeje-Cabrera*, 430 F.3d at 14. The purposes of a preliminary order have largely been satisfied. In this context, there is nothing to be gained by not proceeding with a forfeiture "that everyone intended to be included" in the case. *United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009). The Court finds that that the United States' motion for entry of a preliminary order of forfeiture should be granted. But the Court cautions that in future cases, it may not be so receptive to such motions entered following sentencing.

The Court finds that, by virtue of his guilty plea, Christensen has forfeited his interest in the 7 devices, and the United States should be entitled to possession of such properties, pursuant to 18 U.S.C. § 2253.

Accordingly,

IT IS ORDERED:

1.    The United States' amended motion for issuance of a preliminary order of forfeiture (filing 39) is granted, and its original motion for a preliminary order of forfeiture (filing 38) is denied as moot.

2.    Based upon the Forfeiture Allegation of the Indictment and the defendant's plea of guilty, the United States is hereby authorized to seize the following properties:

    i.    One Z-Machine GT1000 computer tower, no serial number, evidence barcode E03964599;

ii. One Western Digital 80Gb hard drive, model WD740ADFD Raptor, serial number WMANS1382835;

iii. One unlabeled Verbatim rewritable compact disc (CD-RW) discovered in bottom DVD drive;

iv. One generic computer tower in ANTEC case, no serial number, with two open drive bays and DVD drive, Evidence Barcode E03964598;

v. One Western Digital IDE 200Gb hard drive, model Caviar SE, Serial Number WMAL72197445;

vi. One Mobile Disk External hard drive, no serial number, with power and USB cabling, evidence barcode E03964600; and

vii. One Western Digital 200Gb hard drive, serial number WMAL72142628, installed in external disk storage container.

3. The defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 2253.

4. The above properties are to be held by the United States in its secure custody and control.

5. Pursuant to 18 U.S.C. § 2253, the United States shall forthwith publish for at least 30 consecutive days on an official Government internet site, www.forfeiture.gov, the following: notice of this Order; notice of publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject properties must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6.      Said published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject properties and any additional facts supporting the petitioner's claim and the relief sought.

7.      The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

8.      Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2(c)(2) in which all interests will be addressed.

Dated this 29th day of October, 2012.

BY THE COURT:

_____

John M. Gerrard
United States District Judge

8